IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**************************************

UNITED STATES OF AMERICA

               v.

RICHARD COLEMAN,

                        Defendant.

**************************************

Case No. 10-CR-496 (NAM)

GOVERNMENT'S SENTENCING
MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a sentence at the upper end of the defendant's Guidelines range of 121 - 151 months, and a term of supervised release of no less than 25 years.

# I

## INTRODUCTION

On October 26, 2010, defendant RICHARD COLEMAN entered a plea of guilty to a two-count Information, charging him with the felony offenses of (1) using a facility and means of interstate or foreign commerce to knowingly persuade, induce, entice and coerce, and attempt to knowingly persuade, induce, entice and coerce, an individual who had not attained the age of 18 years, to wit: a 13 year old female child, to engage in any sexual activity for which any person could be charged with an offense, to wit: offenses under Article 130 of the New York State Penal Law, including oral sexual conduct in violation of New York Penal Law Section 130.45 (Criminal Sexual Act in the Second Degree), and sexual intercourse, in violation of  New York Penal Law Section

130.30 (Rape in the Second Degree), in violation of Title 18 United States Code Section 2422(b); and (2) knowingly receiving child pornography that, using a means and facility of interstate and foreign commerce, had been transported in and affecting interstate and foreign commerce by any means, including by computer, in that the defendant, using a computer connected to the Internet, downloaded numerous graphic video files of a minor and minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2256(8)(A).

The United States submits this Memorandum pursuant to the Uniform Presentence Order issued by the Court on October 26, 2010 in anticipation of sentencing, which is scheduled for March 21, 2011.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum and Minimum Sentences**

The defendant's conviction on Count 1 of the Information, in violation of 18 U.S.C. §2422(b) subjects him to a statutory maximum term of life, and a statutory minimum term of 10 years imprisonment. 18 U.S.C. §2422(b). His conviction on Count 2, in violation of 18 U.S.C. §2252A(a)(2)(A) subjects him to a statutory maximum term of 20 years imprisonment and a statutory minimum term of 5 years imprisonment. 18 U.S.C. §2252A(b)(1). Each count carries a maximum fine of $250,000, 18 U.S.C. §3571, and a term of supervised release of no less than 5 years and up to life. 18 U.S.C. §3583(k).

In addition to the above, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation of the Information, pursuant to 18 U.S.C. §§ 2428 and 2253. These items include:

1.      One Motorola i335 cellular phone;

2.      One Seagate Free Agent external hard drive, serial no. 6QG2A99H;

3.      One X Blade computer tower, serial number 050219032 with attached components;

4.      One HP Pavilion laptop computer, serial no. CNF8296WG2;

5.      One HP laptop computer ser# CNF917106C property #10-3503; and

6.      One Micro SD memory card.

**2.      Guidelines Provisions**

**a.      Plea Agreement**

There is no plea agreement in this case.

**b.      Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. PSR ¶56. The government agrees with the Probation Office's determination of the defendant's criminal history category.

**c.      Offense Level/Guidelines Calculation**

The Government has no objection to the offense level calculations in the PSR. PSR ¶¶ 26-32. The defendant's objection to sentencing enhancements assessed pursuant to facts "not charged in the Information or Indictment and pled and proven beyond a reasonable doubt or specifically admitted to by the defendant," Defendant's Sentencing Memorandum, p. 2, is procedurally and legally incorrect. The Court is authorized to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence, considering any reliable evidence, including hearsay. *See United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005) (the power of

district judges to resolve disputed facts by a preponderance of the evidence at sentencing survives *Booker*[1]); *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005) (neither *Booker* nor *Crawford v. Washington*, 541 U.S. 36 (2004), bars judicial consideration of hearsay at sentencing); *United States v. Crosby*, 397 F.3d 103, 112, 113 (2d Cir. 2005) "A sentencing judge would . . . violate [18 U.S.C. §] 3553(a) by limiting consideration of the applicable Guidelines range to the facts found by the jury or admitted by the defendant, instead of considering the applicable Guidelines range, as required by subsection 3553(a)(4), based on the facts found by the court." *Crosby,* 397 F.3d at 115.

The United States agrees that defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a), PSR¶¶ 24-25; 50, and the Government moves for an additional one-level downward adjustment pursuant to U.S.S.G. §3E1.1(b) to credit the defendant for having "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  PSR ¶51.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based upon all of the information before the Court, the government respectfully requests that the Court impose a Guidelines sentence at the upper end of the applicable range of 121 - 151 months. Given the defendant's history, and the facts surrounding the commission of the instant offenses, the Government maintains that an upper Guidelines sentence is sufficient, but not greater than necessary

---

[1]  *United States v. Booker,* 543 U.S. 220, 259-260, 125 S. Ct. 738, 764-765 (2005).

to comply with the sentencing purposes in 18 U.S.C. §3553(a)(2), and is justified, and warranted.[2]

COLEMAN stands before this Court not only to be sentenced for his attempt to entice a 13 year old girl into an unlawful sexual relationship, but also for his receipt of child pornography in March 2010 - a crime he committed six months *after* he had been confronted by Army CID, knowing that they were investigating charges for the enticement of the child, *and* his possession of child pornography on media collected from his quarters in September, 2009.

The defendant's enticement crime came as a result of an on-line relationship he had with an actual 13 year old girl - a relationship that would have gone undiscovered but for an alert parent. PSR ¶¶7, 8.  Although the minor had listed in her on-line profile that she was 18, PSR ¶24[3], when her mother found the correspondence with COLEMAN and told him, point blank, that she was really 13, there was no hesitation on his part to continuing the relationship.  In fact, his response was "that it was okay because he liked younger girls,"  PSR ¶7, and he proceeded not only to ask the child to meet with him over the weekend, but also saw fit to send her an image of his erect penis.  *Id.* COLEMAN then continued this on-line relationship with the 13 year old (whose account had been taken over by Army CID) for months - a relationship that culminated in COLEMAN showing up to meet the child (but in fact Army CID) for a sexual encounter in September, 2009.  PSR ¶¶ 9 - 14.

COLEMAN's sexual attraction to minors is corroborated not only by his sexual relationship with a 16 year old in Pennsylvania (where 16 is the age of consent), PSR ¶14, but also by his

---

[2]  The Government agrees with the Probation Officer's conclusion that COLEMAN does not have the ability to pay a fine.  PSR ¶¶ 74, 75.

[3]  COLEMAN reported to the Probation Officer that the child's profile listed her age as 18. PSR ¶24, but when the child's mother (on line, posing as the daughter) asked him how old he thought she was, she reports that his response was "20."  PSR ¶7.

reported activities with the minor daughter of one of his father's former employees - where he also engaged in sexually explicit on-line chats, and attempted to entice the child to meet him at a hotel. PSR¶¶ 20-21.

The severity of his addiction -  to young girls, and to images depicting sexually explicit conduct with them - and correspondingly, the certainty of COLEMAN's recidivism, is proven by his act of obtaining additional child pornography in March, 2010 --  after having been confronted by Army CID in September, 2009 about his relationship with the 13 year old child, and his possession of child pornography at that time.  PSR ¶¶ 15 - 18.  Even after the March 2010 arrest, when authorities arrested him on the current federal charges (in June, 2010), COLEMAN was found in possession of child-size girls' underwear in the backpack he had with him at work.  COLEMAN admitted that he had stolen that underwear from a laundromat for his use in masturbation.  PSR ¶19.[4]

In making its sentencing recommendation, the Government is mindful that in *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010) the Second Circuit faulted the district court for not providing a "reason why the maximum sentence of incarceration was required to deter Dorvee and offenders with similar history and characteristics, [or a] . . .clear reason why the maximum available sentence, as opposed to some lower sentence, was required to deter an offender like Dorvee."  The Government maintains that all of the reasons outlined herein present this Court with ample reason to impose an upper Guidelines sentence - one, notably, not even near the "maximum" sentence

---

[4] This was not COLEMAN's only incident of stealing children's underwear for this purpose. The woman who had worked for COLEMAN's parents reports that when her daughter was 11 or 12 she (the mother) found COLEMAN stealing a pair of the daughter's underwear, PSR ¶21, and at the time that Army CID searched his quarters in September, 2009, he was also in possession of "numerous pairs of girl's and women's underwear" which, he explained, "he used ...to masturbate." PSR ¶¶12 - 13.

**Page 6**

criticized in *Dorvee*.

First, COLEMAN's offenses include the enticement charged in Count 1, and his admissions that he "would have had sex" with the child "if they got along." PSR ¶24.  This sets COLEMAN far apart from the criticism of the Court of Appeals, which was "troubled" by the district court's assumption that the defendant was "likely to actually sexually assault a child," in light of a record that did not support that view. *Dorvee*, 616 F.3d at 184.  Here, the record clearly supports the view that COLEMAN was not only likely, but ready, willing, and able to sexually assault a child - he not only negotiated a sexual encounter with a child, but showed up with a condom in his pocket ready to commit the offense. PSR ¶¶7-11.  As such it is not possible to place "unreasonable weight" on the need to protect the public from COLEMAN.

Second, COLEMAN's long-standing addiction to child pornography had proven so difficult for him to avoid, that (even after his encounter with Army CID) like an errant teenager, his wife had to "view[] his phone every night, including his search history" to ensure that he had not downloaded child pornography on it.  PSR ¶19.  "If she caught him looking at porn, she would take the phone away for a period of time . . . [and] [h]e . . . put a parental block on the phone to stop . . . from looking at pornography."  *Id.*  He downloaded more anyway.  PSR ¶16.

While the national debate on child pornography sentencings provides passionate arguments on both sides, COLEMAN's citation to *United States v. Burns*, 2009 WL 3617448 (N.D. Ill.),  the opinion of one district court judge in Illinois that "[t]he Guidelines reflect little other than Congress was angry," *id.* at *14, does not present this Court with a rational or legal basis to ignore Congressional authority to set sentencing.  As another district court aptly put it:

> the argument *de jour* in these cases is that the court should ignore this congressional
> power if a judge feels that a particular Guideline directed by Congress merely

> represents the "uninformed" view of one or a few members, and should therefore be rejected in favor of the "educated" conclusions of a qualified commission. Measured legal analysis does not consist of an attack on the motives, background, or expertise of members of Congress. Such an elitist approach does nothing to promote the rule of law, and ignores the fact that the committee system and the bicameral nature of Congress are designed to receive and process input from a far wider range of interested parties than typically appear before any district court.

*United States v. Johnson*, 2010 WL 4008882 *2 (E.D. Tex. Oct. 12, 2010). Regardless, *Burns*, a case involving "only" the receipt and distribution of child pornography is not comparable to COLEMAN - whose crimes are not so limited.

Not only will an upper-Guidelines sentence deter COLEMAN, and offenders like him, from committing, and re-committing, similar offenses, but it is also sentence that at least begins to address the seriousness of his offenses and the great harm they inflict not only upon the victims - those children approached by predators on the Internet every day, and those children depicted in the images COLEMAN has received, downloaded, viewed - and the children who will go on to be abused in order to feed the continuing need for images people like COLEMAN foster by searching them out in the first place.

The Government maintains that the requested sentence is sufficient, but not greater than necessary, to account for the nature and circumstances of the offense and the seriousness of the crime, while promoting respect for the law, providing just punishment, and protecting the public from future crimes of the defendant. 18 U.S.C. §3553(a). With the recommended sentence of imprisonment, the Government also recommends a term of supervised release of no less than 25 years. This would ensure that society will be protected from further crimes of the defendant for a reasonably necessary period of time.

Respectfully submitted this 1st day of March, 2011

**Page 8**

RICHARD S. HARTUNIAN
United States Attorney

/s/
By: Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No.510187

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

*****************************************
UNITED STATES OF AMERICA,

                                         Criminal Action No. 10-cr-496

        v.

RICHARD COLEMAN,

                 Defendant.
*****************************************

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2011, I electronically filed the **Government's Sentencing Memorandum** with the Clerk of the District Court using the CM/ECF system.

James F. Greenwald, Esq.


                                    /s/
                                    Tayler Robinson